UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STEPHEN RAY WESTBERRY,     )<br>                                                         )<br>                                                         )<br>                    Petitioner          )<br>           vs                                        )<br>                                                         )<br>E. RICHARD BAZZLE, WARDEN,  )<br>                                                         )<br>                                                         )<br>                    Respondent.      )<br>_____)  | C/A No.  4:07-3978-RBH-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Stephen Ray Westberry, ("Petitioner/Westberry) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 12, 2007. Respondent filed a motion for summary judgment on March 19, 2008, along with a return and supporting memorandum.  An order was filed on March 20, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on March 26, 2008, March 28, 2008, and March 31, 2008. Petitioner also filed a motion for summary judgment on April 7, 2008. Respondent filed a response in opposition on May 2, 2008.[2]

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] This case was reassigned to the undersigned on February 9, 2009.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner. Therefore, the undersigned will set out the procedural history as set forth by the Respondent.[3]

Petitioner is presently incarcerated at the Perry Correctional Institution pursuant to orders of commitment of the Greenwood County Clerk of Court. Petitioner was indicted at the June 1996 term of the Greenwood County Grand Jury for murder, unlawful possession of a sawed off shotgun, possession of a weapon during a violent crime, and assault and battery with intent to kill. (96-GS-24-831). Petitioner was represented by Robert Tinsley, Esquire and Randall Williams, Esquire. On September 3, 1998, Petitioner pled guilty to murder, assault and battery with intent to kill, and possession of a firearm during a violent crime. Petitioner was sentenced to life without parole for murder; twenty (20) years consecutive for ABWIK; and five (5) years concurrent, for the possession of a weapon during a violent crime charge. Petitioner did not appeal his guilty plea or sentence. This information was gathered by Respondent's attorney through a phone conversation with former Solicitor W. Townes Jones, III. who was the elected Solicitor for Greenwood County (8th Circuit) at the time of the murder of the victim.

*The Facts*[4]

On May 3, 1996, Janice Marlene Westberry was dropping off her children at the Greenwood

---

[3] Respondent asserts and submitted documentation that because the Petitioner pleaded guilty in 1998, did not file a direct appeal, and waited until 2003 to file his APCR, there is no transcript of the guilty plea proceeding. (See Doc. #26-5).

[4] Respondent asserts that the factual information was gathered by Respondent's attorney through a phone conversation with former Solicitor W. Townes Jones, III, who was the elected Solicitor for Greenwood County at the time of the murder.

City Police Department parking lot when she was murdered. Janice Marlene Westberry and Petitioner were going through a difficult divorce. The family court had ordered that because of previous difficulties in the relationship, Ms. Westberry should exchange the children with her husband at the police station. When she pulled into the Greenwood City Police Station parking lot, Petitioner approached her car with a sawed off shotgun and shot Ms. Westberry in front of her children. Petitioner shot the victim three times with the sawed off shotgun while the victim was still seated in the van behind the driver. (See Attached Warrants). Ms. Westberry died as a result of the gunshot wounds. This incident was witnessed by Jamia Sanders, John Robert Corley, Tiffany Ireland, Debra Holloway and other citizens of Greenwood County. (See Attached Warrants). Petitioner also wounded witness, Jamia Sanders. (See Attached Warrant). Petitioner was immediately arrested there at the police station. Petitioner admitted his guilt by pleading guilty but mentally ill to murder and assault and battery with intent to kill (ABWIK). (See attached indictment and sentencing sheets). Petitioner also plead guilty but mentally ill to possession of weapon during the commission of a violent crime. The sawed off shotgun charge was dismissed.

*The PCR Application*

On March 20, 2003, Petitioner filed a post-conviction relief (PCR) application. An evidentiary hearing was convened on January 17, 2006, at the Greenwood County Courthouse before the Honorable Wyatt Saunders, Circuit Court Judge. Petitioner was represented at the hearing by C. Rauch Wise, Esquire. Respondent was represented by Julie M. Thames, Assistant Attorney General. At the hearing, the Respondent moved for summary dismissal of the application based on the expiration of the statute of limitations. The PCR court summarized the testimony and arguments at the hearing finding that Petitioner argued his application should not be barred by the statute of

limitations because he suffers from mental health problems. Petitioner testified that when he arrived in the South Carolina Department of Corrections, he was housed in the mental health facility for one to one and a half years and was then placed in the general population. He testified that he made an inquiry to the South Carolina Court of Appeals in 2001, received a reply in 2002, and then filed the PCR action. Petitioner testified that he was not aware of the availability of post conviction relief and that he filed within one year of learning about such relief. He further testified that trial counsel did not advise him as to the availability of post-conviction relief. The PCR court made the following findings of fact and conclusions of law. The court first stated that it had reviewed the records of the Greenwood County Clerk of Court regarding the subject convictions, Petitioner's records from the Department of Corrections, the PCR application, and the Respondent's Return and Motion to Dismiss. The court found and concluded that the application for post-conviction relief should be summarily dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. Section 17-27-10, et. seq. S.C. Code Ann. Section 17-27-45(a) reads as follows: An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later. The PCR court pointed out that the South Carolina Supreme Court has held that the statute of limitations shall apply to all applications filed after July 1, 1996. <u>Peloquin v. State</u>, 321 S.C. 468, 469 S.E.2d 606 (1996). The PCR court noted that Petitioner pleaded guilty to the offenses he challenges in his application on September 3, 1998. The PCR court found that this post-conviction relief application was filed on March 20, 2003, over four years after the statutory filing period had expired. The PCR court also found and concluded that while the Petitioner pled guilty

4

but mentally ill pursuant to S.C. Code Ann. Section 17-24-70(A), the statute of limitations does apply. The court found and concluded that Petitioner had offered no proof that he was not competent to file an application for post-conviction relief during the one-year time period following his guilty plea. Accordingly, the PCR court found and concluded that the application for post-conviction relief should be dismissed because Petitioner failed to file his application within the time mandates of the South Carolina Post Conviction Procedure Act. Thus, the PCR court summarily dismissed the application as barred by the state statute of limitations. It was therefore ordered that Respondent's Motion to Dismiss was granted and Petitioner's application was denied and dismissed with prejudice. Petitioner was advised he had thirty (30) days from the service of the signed order to file his appeal from the PCR court's decision. Petitioner was remanded to the custody of the Respondent for completion of his sentence. The Order was entered February 1, 2006, and filed February 2, 2006.

*The Appeal from the Dismissal of the PCR Application*

Petitioner timely appealed from the dismissal of his post-conviction relief application to the South Carolina Court of Appeals. This appeal was from the form order issued by Judge Saunders. The Court of Appeals transferred the case to the South Carolina Supreme Court. The appeal was initially dismissed because of the failure to comply with Rule 227 S.C.A.C.R. Prior the filing of the Remittitur from this dismissal, Petitioner filed an Amended Notice of Appeal, from the actual order of Judge Saunders. Petitioner then appealed to the South Carolina Supreme Court by way of a Johnson Petition for Certiorari. Petitioner's collateral counsel filed a Motion for Substitution of Counsel and it was granted. Petitioner was represented in this appeal by Robert M. Pachak, Assistant Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate

Defense. Mr. Pachak also filed a petition to be relieved as counsel after filing the Johnson Petition. Petitioner filed a *pro se* brief in response to the Johnson Petition. By Order dated August 23, 2007, after careful consideration of the entire record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), the South Carolina Supreme Court denied the petition for certiorari and granted counsel's request to withdraw. The Remittitur from this decision was filed September 11, 2007. This habeas petition followed.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

GROUND ONE:    PCR Judge error in not granting Petitioner's petition for belated appeal through a Post-Conviction Relief.

GROUND TWO:    State error in violation of due process under violation of Fourteenth Amendment Rights:

GROUND THREE:  Erroneous admission of confession by Petitioner.

GROUND FOUR:   Petitioner states he is being held elegility [sic] and agenst [sic] his will on all charges.

Petition.

## III. SUMMARY JUDGMENT

On March 19, 2008, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v.

Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Westberry filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondent argues as follows, quoted verbatim:

> Petitioner's habeas action is in violation of the AEDPA statute of limitations. Petitioner pled guilty to murder and the related charges on September 3, 1998. Petitioner had ten (10) days in which to file an appeal from his guilty plea or sentence. Petitioner did not appeal from his guilty plea or sentence. On September 13, 1998, the AEDPA statute of limitations clock began to run. Petitioner had until September 13, 1999 to file his habeas action. No properly filed application for State post-conviction relief was extant between September 13, 1998, and September 13, 1999. The AEDPA statute of limitations ran or expired on September 13, 1999. Petitioner did not file this habeas action until November 14, 2007. Petitioner did not file his state PCR action until March 20, 2003, over three (3) years after the AEDPA statute of limitations ran. Once a federal habeas statute has run, a collateral action cannot revive it. . . .Petitioner's claims are barred by the AEDPA statute of limitations.

(Doc. #26, p. 7-8).

Respondent further notes that the issues raised in his habeas application are the same as those dismissed in the previous state court PCR action as time barred. Therefore, Respondent asserts that Petitioner did not properly exhaust and is barred from those issues being considered in this forum.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to

9

establish a one-year statute of limitations for filing habeas petitions.[5] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner did not file a direct appeal. His conviction became final in 1998. Accordingly, the one year time within which to file for federal habeas relief began to run after he pleaded guilty on September 3, 1998, and the ten days to file a direct appeal

---

[5] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

had expired. Therefore, Petitioner had until September 1999 to file his habeas action under the AEDPA statute of limitations.

Petitioner filed his APCR on March 20, 2003. Therefore, the time limitations for filing his federal habeas petition had already expired at that point. Petitioner's APCR was dismissed as barred by the state statute of limitations. In the order of dismissal, the PCR Judge found as follows:

> The Applicant pled guilty to the offenses he challenges in this application on September 3, 1998. This application was filed on March 20, 2003, over four years after the statutory filing period had expired, while the Applicant pled guilty but mentally ill pursuant to S.C. Code Ann. 17-24-70(A)[6], the statute of limitations does apply. The Applicant offered no proof that he was not competent to file an application during the one-year time period following his guilty plea. Accordingly, this Court finds that his application should be dismissed because the Applicant failed to file this application within the time mandates of the Post Conviction Procedure Act.

(Tr. 38-39).

Petitioner appealed the dismissal of his APCR and a Johnson petition was filed on his behalf, as well as, a *pro se* brief. The South Carolina Supreme Court denied the petition for certiorari and a

---

[6] S.C. Code Ann. § 17-24-70 states as follows:

> If a verdict is returned of "guilty but mentally ill" the defendant must be sentenced by the trial judge as provided by law for a defendant found guilty, however:
>
> > (A) If the sentence imposed upon the defendant includes the incarceration of the defendant, the defendant must first be taken to a facility designated by the Department of Corrections for treatment and retained there until in the opinion of the staff at that facility the defendant may safely be moved to the general population of the Department of Corrections to serve the remainder of his sentence.

11

Remittitur was filed September 11, 2007. Accordingly, Petitioner is time barred in that he did not file his habeas petition within the limitations period.

Petitioner has not presented sufficient evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Applying the law as described, Petitioner has not presented an extraordinary circumstance beyond Petitioner's control. Likewise, it is well established that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner argues that he was mentally ill and placed in a mental facility after sentencing where he had no legal books and was not advised of his right to file a APCR[7]. However, Petitioner

---

[7] At his PCR hearing, Petitioner testified that he was placed in "GPH in Kirkland. That is the Department of Correctional mental institution there." (Tr. 30). Petitioner testified that he was there "over a year, maybe a year and a half, two years, something like that maybe" and was then released "back into the population, into the Department of Corrections." (Tr. 31). Based on a review of the SCDC record summary's "History of Movements," it is noted from this report that Petitioner was processed on September 4, 1998 at the Kirkland Correctional Institution and incarcerated at "Gilliam Psy" on September 8, 1998. However, the record reveals that Petitioner was placed back in Kirkland on December 9, 1998, and incarcerated at Allendale on February 3, 1999, where he remained until June 22, 1999, when he was incarcerated at McCormick. Based on a review of this record, Petitioner was no longer at Kirkland by February 3, 1999, and appears to have been released from Gilliam Psychiatric in December 1998, after pleading guilty on September 3, 1998. Therefore, it appears Petitioner was out of the mental facility long before his one year had expired to file his PCR application. In the event that this is a misreading of the record submitted, Petitioner still failed to file his PCR application for over four years from the date of his plea and testified at his PCR that he was in the mental facility for maybe "year and half, two years." Additionally, Petitioner did not file this habeas petition until almost nine years after the date he entered his plea.

waited over eight years to file his federal habeas petition.[8]

In <u>Benjamin v. State of South Carolina</u>, 2007 WL 4268795 (D.S.C. November 28, 2008), the court held the following;

> A habeas petitioner who cannot establish a causal connection between his alleged lifelong mental incapacity and his ability to file a timely petition cannot be the beneficiary of equitable tolling. See <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1226-27 (11th Cir.2005) ( affirmed, --- U.S. ----, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007), ( citing <u>Bilbrey v. Douglas</u>, 124 Fed.Appx. 971, 973 (6th Cir.2005) (finding that equitable tolling did not apply because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); <u>Green v. Hinsley</u>, 116 Fed.Appx. 749, 751 (7th Cir.2004) (finding that equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1145 (10th Cir.2001) (finding that petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period); <u>Collins v. Scurr</u>, 230 F.3d 1362 (8th Cir.2000) (Table) (finding that bald and unsupported assertions that relate to an instance of alleged mental incompetency that occurred at a time remote to petitioner's habeas petition filing deadline did not equitably toll the statute of limitations); <u>Fisher v. Johnson</u>, 174 F.3d 710, 716 (5th Cir.1999) (finding that equitable tolling did not apply when petitioner's brief period of incapacity "occurred at a time so remote to his deadline" and petitioner could not show that he diligently pursued his application the remainder of the one-year filing deadline); cf. <u>Laws v. Lamarque</u>, 351 F.3d 919, 923 (9th Cir.2003) (remanding case for further factual development on issue of whether petitioner's mental illness prevented him from timely filing his federal habeas petition as to warrant the application of equitable tolling); <u>Nara v. Frank</u>, 264 F.3d 310, 320 (3d Cir.2001) (remanding case for further factual development where petitioner "presented evidence of ongoing, if not consecutive, periods of mental incompetency" because mental incompetence may constitute an extraordinary circumstance for purposes of tolling the statute of limitations when a person's mental deficiency affects his ability to file a timely habeas petition), ( overruled in part, <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)). In sum, Benjamin has not demonstrated that the failure to timely file was caused by extraordinary

---

[8] It is noted that the Petitioner was sent for an evaluation by a psychiatrist to determine if he was competent to stand trial or plead guilty. Petitioner was represented by two attorneys at his guilty plea and the sentencing judge accepted the plea of guilty and sentenced Petitioner. Even though the plea entered was guilty but mentally ill, Petitioner had been examined by a psychiatrist and the trial judge accepted his plea and sentenced Petitioner.
Additionally, Petitioner submitted a copy of the "Report of Finding Mental Capacity" dated August 31, 1998, by Dr. Thomas Behrmann that was submitted in his criminal case but the findings had been marked out making it impossible for the court to read. (See doc. #51, p.2).

circumstances beyond his control.

Based on the record before the undersigned, Petitioner has not shown any extraordinary circumstances to warrant equitable tolling. Accordingly, the petition is barred by the statute of limitations.[9]

## VI.  CONCLUSION

For the reasons set out above, it is RECOMMENDED that Respondent's motion for summary judgment (document #25) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that Petitioner's motion for summary judgment (doc. #39) be DENIED.

                                                            Respectfully Submitted,


                                                            s/Thomas E. Rogers, III
                                                            Thomas E. Rogers, III
                                                            United States Magistrate Judge

February 17, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[9] Even if Petitioner's petition was not barred by the one year statute of limitations, the issues would be procedurally defaulted. Petitioner did not file a direct appeal and the issues raised in this federal habeas petition were not ruled upon by the state courts as the APCR was dismissed as untimely under the state statue of limitations. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Additionally, petitioner has failed to show cause and prejudice and/or actual innocense to overcome procedural default.

16