UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Stephen Ray Westberry, | ) | C/A No. 0:07-3978-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| E. Richard Bazzle, Warden, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Stephen Ray Westberry is an inmate of the South Carolina Department of Corrections. This is a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is before the court on cross motions for summary judgment. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge George C. Kosko, for pretrial handling. By order filed March 20, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised the plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to the summary judgment motion on March 26, 2008. The case was subsequently reassigned to Magistrate Judge Thomas E. Rogers, III.

The Magistrate Judge issued a Report and Recommendation on February 17, 2009, in which he recommended that the motion by the defendant Warden for summary judgment be granted on the basis of the statute of limitations and that the motion for summary judgment by the plaintiff be denied.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo*

1

determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

On February 27, 2009, the plaintiff filed a document entitled "Right to file Objections to Report and Recommendation." However, this filing contains no specific objections to the Report and Recommendation.

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  Id.  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).  Without specific objection to the Magistrate Judge's reasoning, it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further.  See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).   Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation.  Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1] Plaintiff's filing is simply an effort to rehash the allegations of his complaint. Nowhere

---

[1]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party

2

does the plaintiff make any objections regarding the application of the statute of limitations which was the basis for the Magistrate Judge's recommendation.

## Conclusion

After a review of the record before it, the court overrules any objections by the plaintiff, adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. For the reasons stated therein and in this order, Defendant's motion for summary judgment is **granted** and Plaintiff's motion for summary judgment is **denied**..

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 4, 2009
Florence, SC

---

may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

3